UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TERRIS HANKS,

                       Plaintiff,

         v.                                      5:09-CV-1109
                                                             (NPM/GHL)

JOHN DOE #1, *Cricket Communications, Inc., NY*, and
JOHN DOE # 2, *Sprint-Nextel Corp. LP, NY*,

                       Defendants.
_____

APPEARANCES

Terris Hanks
Plaintiff, *pro se*
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER[1]

### I. Introduction

Plaintiff Terris Hanks commenced this action against John Doe #1 of Cricket Communications, Inc. ("Cricket"), and John Doe # 2 of Sprint-Nextel Corporation ("Sprint"), regarding surveillance of his cellular telephones. Dkt. No. 1. Presently before the Court is a motion to intervene on behalf of John Doe # 2 filed by Sprint. Dkt. No. 7. Sprint also moves to dismiss. *Id.* Plaintiff filed a response to the motions. Dkt. No. 9. Sprint then filed a reply. Dkt. No. 10.

Also before the Court is a letter-motion from Plaintiff in which he requests that the Court assist him in serving Defendants. Dkt. No. 6.

By way of background, the complaint alleges that on September 24, 2007, as part of the discovery process in a state criminal proceeding, Plaintiff learned that the New York Organized Crime

---

[1] This matter was referred to me for report and recommendation by the Honorable Neil P. McCurn, Sr., Senior United States District Judge.

Task Force ("OCTF") had "obtained cell site location information and emergency 911 data to track him without legal cause at the hands of [Cricket and Sprint]." Dkt. No. 1 at ¶ 5.

Attached to the complaint are three orders signed by the Honorable Joseph E. Fahey, Onondaga County Court Judge. Dkt. No. 1, Exs. A-C. The first order, which is dated April 4, 2007, directs "the agents and employees" of Cricket to furnish "information, facilities, and technical assistance necessary to accomplish the installation of a pen register, trap and trace device and caller identification device" on a certain cellular telephone number, and to provide other information regarding that number to the New York State Attorney General's Office, including "real time cell site information regarding the cell site location of where the . . . telephone is being utilized." Dkt. No. 1, Ex. A.

The second order, which is dated May 3, 2007, contains similar directions to "the agents and employees" of Cricket regarding certain cellular telephone numbers. Dkt. No. 1, Ex. B. Among other information, Cricket was ordered to provide "real time cell site including E-911 (GPS) information regarding the real time cell site location of where the . . . cellular telephones are being utilized." *Id.* at 3.

The third order, which is dated May 3, 2007, directs "the agents and employees" of Sprint to provide similar information and assistance regarding certain cellular telephone numbers. Dkt. No. 1, Ex. C. Among other information, Sprint was ordered to provide "real time cell site including E-911 (GPS) information regarding the real time cell site location of where the . . . cellular telephones are being utilized." *Id.* at 3.

Plaintiff alleges that on May 28, 2007, the "real time cell site location information including, E-911 GPS data was exploited" to ascertain his location, resulting in the stop, search, and seizure of the vehicle in which Plaintiff was riding. Dkt. No. 1 at ¶ 13. He states that "[b]y complying with these

orders the Defendants surreptitiously and impermissibly furnished OCTF . . . .[with] Plaintiff's movements." *Id.* at ¶ 17. Plaintiff seeks to recover pursuant to 18 U.S.C. § 2520 of the Federal Wiretap Act, and "47 U.S.C. § 1000," of the Communications for Assistance of Law Enforcement Act ("CALEA"). Dkt. No. 1 at ¶¶ 1, 17.

## II. Discussion

**A.     Motion to Intervene**

Sprint has moved to intervene on behalf of John Doe # 2. Dkt. No. 7-1. Sprint argues that assuming *arguendo* that John Doe # 2 took the alleged actions, Sprint would be liable because the alleged actions would have been taken in response to a court order directed to Sprint, and in John Doe #2's capacity as an employee or agent of Sprint. *Id.* at 3.

Rule 24 provides for two types of intervention, (a) intervention of right, and (b) permissive intervention. Fed. R. Civ. P. 24. At issue is the latter form of intervention, which provides as follows:

> (b) Permissive Intervention.
> (1) In General. On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.
> (2) By a Government Officer or Agency. On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:
> (A) a statute or executive order administered by the officer or agency; or
> (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.
> (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b).

Here, there is no dispute as to the timeliness of Sprint's application to intervene. Moreover, I

find that relevant questions of law and fact, as well as defenses, are shared between John Doe #2 and Sprint because John Doe # 2's alleged actions were carried out in response to a court order directed to Sprint, and in John Doe # 2's alleged capacity as an employee or agent of Sprint.  I also find that allowing Sprint to intervene would not cause undue delay or prejudice to Plaintiff.  Lastly, I note that Plaintiff specifically states that he has no objection to Sprint's motion to intervene. Dkt. No. 9. Accordingly, Sprint's motion to intervene should be granted.

**B.    Motion to Dismiss**

Sprint moves to dismiss, claiming that John Doe #2 should be held immune from suit under the Federal Wiretap Act. Dkt. No. 7-1 at 3-4 (citing 18 U.S.C. § 2511(2)(a)(ii) and 18 U.S.C. § 2520(d)(1)).  Sprint also asserts that Plaintiff cannot maintain a claim pursuant to the CALEA. *Id.* at 5 n.2.

    **1.    Federal Wiretap Act**

Title III of the Omnibus Crime Control and Safe Streets Act (referred to herein as the "Federal Wiretap Act") sets forth standards and procedures for the use of electronic surveillance. The Federal Wiretap Act provides for a civil cause of action under § 2520, as follows:

> (a) In general.--**Except as provided in section 2511(2)(a)(ii)**, any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

18 U.S.C. § 2520(a)(emphasis added).

Section 2511(2)(a)(ii) provides:

> (ii) Notwithstanding any other law, **providers of wire or electronic communication service, their officers, employees, and agents**, . . . **are authorized to provide information, facilities, or technical assistance to persons authorized by law to intercept wire, oral, or electronic communications . . . if such provider, its officers,**

>  **employees, or agents . . . has been provided with (A) a court order directing such assistance** . . .
>
>  . . . .
>
>  **No cause of action shall lie in any court against any provider of wire or electronic communication service, its officers, employees, or agents**, . . . **for providing information, facilities, or assistance in accordance with the terms of a court order**, statutory authorization, or certification under this chapter.

18 U.S.C. § 2511(2)(a)(ii) (emphasis added).

In addition, section 2520 provides that **good faith reliance on a court warrant or order is a complete defense against any civil or criminal action brought under this chapter or any other law**. 18 U.S.C. §2520(d)(1) (emphasis added).

The complaint alleges that John Doe # 2, an agent of Sprint, "compl[ied]" with the court order by furnishing information to the OCTF. Dkt. No. 1. The complaint alleges no other actions or omissions by John Doe # 2. Accordingly, under the above-cited provisions, John Doe # 2 should be held immune.[2]

However, Plaintiff alleges that immunity should not apply because he claims that the complaint

---

[2] *See Marshall v. Willner*, No. 3:06-CV-665, 2007 WL 2725971, at *4 (W.D. Ky. Sept. 14, 2007) (holding that telephone companies and individual employees of those entities, were exempt from liability under § 2511(2)(a)(ii) if, as the plaintiff alleged, they were presented with an order from the FBI permitting a wiretap, regardless of whether the order was obtained in violation of the law, and stating that "[t]o hold otherwise would place service providers, like Defendants, and their employees in the precarious situation of risking potential liability for following what appear to be valid court orders.") (citing *Camacho v. Autoridad de Telefonos*, 868 F.2d 482, 489-90 (1st Cir. 1989) (holding that telephone companies were entitled to immunity under the Federal Wiretap Act when acting at the direction of federal officers); *Mfr. Int'l, Ltda v. Mfr. Hanover Trust Co.*, 792 F. Supp. 180, 192 (E.D.N.Y. 1992) ("No cause of action may be maintained against private actors where they are ordered by government authorities to intercept communications.")); *see also Bansal v. Microsoft Hotmail*, 267 Fed. Appx. 184, 185 (3d Cir. 2008) (dismissing *pro se* prisoner's appeal as meritless, and finding that defendant, a provider of electronic communication services, was exempt from liability because defendant disclosed the contents of the plaintiff's emails pursuant to a court order) (citing 18 U.S.C. § 2511(2)(a)(ii) and 2502(d)(1)), *cert. denied*, 129 S.Ct. 2395 (2009).

alleges that Defendant(s) acted in excess of their legal duties, beyond the scope of the court orders, and/or in bad faith. Dkt. No. 9 at 2-3.[3] However, as argued by Sprint, Dkt. No. 10, the complaint contains no such allegations. Moreover, in Plaintiff's reply papers, he again states that Sprint acted "on the basis of" an order. *Id.* at 5. Accordingly, John Doe # 2 should be held immune under the above-cited provisions.

The Court adds that the foregoing analysis also should apply to Defendant John Doe # 1, an alleged agent of Cricket, against whom Plaintiff has asserted the same allegation, namely that John Doe # 1 complied with the court orders by furnishing information to the OCTF. Dkt. No. 1. Accordingly, John Doe # 1 should be held immune under the above-cited provisions.

In sum, I recommend granting Sprint's motion to dismiss the Federal Wiretap Act claim as set forth against John Doe # 2. I also recommend dismissing *sua sponte* the Federal Wiretap Act claim as set forth against John Doe # 1.[4]

### 2. CALEA

Sprint argues that the foregoing immunity should protect Sprint from any claims that Plaintiff is attempting to assert pursuant to the CALEA, and, in any event, that the CALEA does not provide a

---

[3] Plaintiff cites several cases in his reply papers. Dkt. No. 9. The cases are inapposite and/or non-controlling.

[4] Even if a plaintiff paid a filing fee, as in this case, the Court has the power to dismiss *sua sponte*. *Landesberg v. Biden*, No. 96 Civ. 8772, 1997 WL 33604, at *1 (S.D.N.Y. Jan. 29, 1997) (citing *Tyler v. Carter*, 151 F.R.D. 537, 539-40 (S.D.N.Y. 1993), *aff'd*, 41 F.3d 1500 (2d Cir. 1994)). Moreover, by virtue of the Court issuing a Report-Recommendation, Plaintiff has been given "notice and opportunity to be heard" of the potential dismissal of the claims set forth against John Doe # 1. *See Osipova v. J&J Holding Co.*, No. 06 Civ. 3468, 2007 WL 2220479, at *1 n.1 (S.D.N.Y. Aug. 1, 2007) (noting that a magistrate judge's report-recommendation afforded a plaintiff of both notice of the potential dismissal of the complaint, and an opportunity to oppose the recommended dismissal, and that this satisfied the notice and hearing requirement for *sua sponte* dismissal) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

private cause of action. Dkt. No. 7-1, at 5 n.2. As noted, Plaintiff states that he "claims damages pursuant to 47 U.S.C. § 1000 of the [CALEA]." Dkt. No. 1 at 5.

The Court notes that there is no "47 U.S.C. § 1000." In any event, the CALEA provides no private right of action. *See* 47 U.S.C. § 1001, *et seq.* Therefore, to the extent that Plaintiff attempts to set forth claims pursuant to the CALEA, the claims should be dismissed. Accordingly, the entire complaint should be dismissed because it contains no claims on which relief may be granted.[5]

**C.     Letter-Motion for Assistance with Service**

Plaintiff requests that the Court assist him "in serving the Defendants." Dkt. No. 6. In light of the Court's recommendation that the complaint be dismissed, the Court finds that Plaintiff's request should be denied as moot.

Accordingly, it is hereby

**RECOMMENDED**, that the motion to intervene on behalf of Defendant John Doe # 2 (Dkt. No. 7) filed by Sprint-Nextel Corporation be **GRANTED**, and it is further

**RECOMMENDED**, that the motion to dismiss the complaint for failure to state a claim on which relief may granted on behalf of Defendant John Doe # 2 (Dkt. No. 7) be **GRANTED**, and it is further

**RECOMMENDED**, that the complaint be **DISMISSED** *sua sponte* against Defendant John Doe # 1 for failure to state a claim on which relief may be granted, and it is further

**RECOMMENDED**, that Plaintiff's letter motion requesting assistance with service (Dkt. No. 6) be **DENIED** as moot, and it is further

---

[5] In light of this finding, whether Plaintiff's complaint was untimely filed, and whether service was incomplete and inadequate, are moot issues.

**ORDERED**, that the Clerk serve copies of the electronically-available-only decisions cited herein,[6] and a copy of this Report-Recommendation and Order on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: May 18, 2010
Syracuse, New York

George H. Lowe
United States Magistrate Judge

---

[6] Those decisions include *Marshall v. Willner*, No. 3:06-CV-665, 2007 WL 2725971 (W.D. Ky. Sept. 14, 2007); *Bansal v. Microsoft Hotmail*, 267 Fed. Appx. 184 (3d Cir. 2008); *Landesberg v. Biden*, No. 96 Civ. 8772, 1997 WL 33604 (S.D.N.Y. Jan. 29, 1997); and *Osipova v. J&J Holding Co.*, No. 06 Civ. 3468, 2007 WL 2220479 (S.D.N.Y. Aug. 1, 2007).